UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHNNY SANCHEZ,<br><br>                Petitioner,<br>   v.<br>ICE FIELD OFFICE DIRECTOR,<br><br>                Respondent. | Case No. 2:24-cv-02178-TMC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for   April 24, 2025 |

      Petitioner, Johnny Sanchez, proceeds unrepresented by counsel in this 28 U.S.C. § 2241 immigration habeas corpus action. Petitioner commenced this action on December 20, 2024, by filing an application to proceed *in forma pauperis* ("IFP") and a proposed 28 U.S.C. § 2241 petition. Dkt. 1.

      On January 2, 2025, the Clerk's Office mailed petitioner a "notice of filing deficiency" informing petitioner that he had filed the incorrect IFP form, and that petitioner was also required to submit a prison trust account statement. Dkt. 2. The letter notified petitioner if he failed to correct the listed deficiencies by February 3, 2025, it "may affect the status of your case, including dismissal of the action by the Court." *Id.*

      On January 8, 2025, the Clerk's Office mailed petitioner an "amended notice of filing deficiency" noting that petitioner had submitted the incorrect IFP form, providing the correct IFP form, and noting that petitioner was not required to submit a prison trust account statement for this matter as indicated in the prior notice. Dkt. 3. The letter

REPORT AND RECOMMENDATION - 1

notified petitioner if he failed to correct the listed deficiencies by February 7, 2025, it "may affect the status of your case, including dismissal of the action by the Court." *Id.*

The "amended notice of filing deficiency" was returned as undeliverable on January 27, 2025. Dkt. 5. To date, petitioner has not notified the Court of any changes to his mailing address, nor has he cured his IFP deficiency or filed any other documents in this action.

Pursuant to this Court's Local Rules, a party proceeding *pro se* shall keep the Court and opposing parties advised as to his or her current mailing address. Local Rules, W.D. Wash. (LCR) 41(b)(2). If mail directed to a *pro se* plaintiff by the Clerk is returned by the Postal Service and if the plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his or her current mailing address, the Court may dismiss the action without prejudice for failure to prosecute. *Id.*

More than 60 days have passed since the notice of initial filing deficiencies was returned to the Court as undeliverable. As petitioner has not provided an updated address, he has failed to properly prosecute in accordance with the Court's Local Rules. *See* LCR 41(b)(2). Accordingly, the action should be dismissed without prejudice for failure to prosecute.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that this action be dismissed without prejudice for failure to properly prosecute in accordance with Rule 41(b)(2) of this Court's local rules. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also*

REPORT AND RECOMMENDATION - 2

Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **April 24, 2025**, as noted in the caption.

Dated this 9th day of April, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3